## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY-JON ROGERS, | |
| Plaintiff, | CIVIL ACTION NO. 4:23-CV-00841 |
| v. | |
| LYCOMING COUNTY TAX CLAIM BUREAU, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

### MEMORANDUM

This action brought by *pro se* Plaintiff Gary-Jon Rogers ("Rogers"), was commenced by the filing of a complaint on May 22, 2023, against Defendants Lycoming County Tax Claim Bureau, Cindy Newcomer, Brook E. Wright, Jessica S. Williams, and Kamala Paulhamua (collectively, "Defendants"). (Doc. 1, at 1). Liberally construing the complaint, it appears that Rogers's claims relate to Defendants' attempts to collect or liquidate on two properties that are purportedly owned by Rogers. (Doc. 1, at 2). Rogers's claims contain allegations of falsifying records, extortion, fraud, as well as claims under the Fourth and Fourteenth Amendments rights. (Doc. 1, at 3-6). Concurrently filed with the complaint, Rogers filed a motion to proceed *in forma pauperis*.[1] (Doc. 2). Having conducted the statutorily-mandated screening of Rogers's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds Rogers has failed to state a claim upon which relief may be granted.

---

[1] The Court addresses the motion for leave to proceed *in forma pauperis* by separate Order. (Doc. 2).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On May 22, 2023, Rogers, proceeding *pro se*, filed the instant action against Defendants. (Doc. 1). In the complaint, Rogers explains that he owns two properties in Williamsport and Cogan Station, Pennsylvania. (Doc. 1, at 1-2). Rogers contends no business or corporate activity has ever taken place on either property since he acquired ownership, and that "[t]here has never been any tax required to be submitted, no commercial license for land or its use acquired and no fine ever levied against [Rogers] for not filing a property income tax based on commerce." (Doc. 1, at 2). Rogers attaches to the complaint an "affidavit of status," which states Defendants possess no interest in Rogers's private property, possess no authority to make claims against Rogers's property, and possess no authority or right over Rogers. (Doc. 1, at 10). As relief, Rogers seeks an injunction "for an immediate stoppel to any attempts to collect or liquidate on either property during litigation," and monetary damages. (Doc. 1, at 6-7).

II.   **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

- 4 -

and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.    **DISCUSSION**

The complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. In the complaint, Rogers asserts violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against Defendants. (Doc. 1). "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman*, 422 F.3d at 146. Section 1983 requires " 'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.' " *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior* cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his

or her own misconduct." *Iqbal*, 556 U.S. at 677. And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Liberally construing the complaint, Rogers asserts claims related to Defendants attempts to collect or liquidate Rogers's properties, alleging "administrative malfeces, fraud, barratry, harassment and coercion under the color of law." (Doc. 1, at 3). However, the complaint does not contain sufficient allegations to show that Defendants were personally involved in the alleged violations of Rogers's rights. The pleadings do not allege what actions Defendants took or how they assisted in or acquiesced in the violation of his rights. Nor do the pleadings allege what actions Defendants took in order to be subject to liability in this case. Accordingly, the complaint fails to allege the personal involvement of Defendants and, thus, fails to state a claim upon which relief may be granted.

The complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Rogers fails to simply, concisely, and directly allege what his claim are and do not provide fair notice of the grounds on which his intended claims rest. *See Erickson*, 551 U.S. at 93. Rogers provides a multitude of facts, legal postures, and references to the history of the United States without any concise connection to how these facts involve Rogers himself. (Doc. 1, at 3-10). Furthermore,

Rogers's assertions lack an express link between his claims and factual allegations. *See Estelle,* 429 U.S. at 106. Throughout his complaint, Rogers provides various legal assertions and references to previous precedent, but contributes no facts to indicate how his claims are impacted by this precedent. (Doc. 1, at 3-6).

Rogers also runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sh[ow] that the pleader is entitled to relief.'" *See Twombly,* 550 U.S. at 545; *see also Cooper v. Link,* No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Here, it is unclear from the complaint whether Rogers is attempting to present claims on his own behalf, and it is unclear what actions Defendants allegedly took regarding Rogers's claims. (Doc. 1). Thus, in its current form, the complaint would not provide any meaningful opportunity for Defendants to decipher or answer the vague allegations levied against them. *See Twombly,* 550 U.S. at 555. It is "rambling and unclear" so as to defy response. *Tillio v. Spiess,* 441 F. App'x 109, 110 (3d Cir. 2011). As such, Rogers's complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. (Doc. 1).

A. L<small>EAVE TO</small> A<small>MEND</small>

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson,* 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.,* 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Rogers

leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

Rogers is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Rogers is advised to follow each claim with a corresponding good-faith request for relief. Further, Rogers is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

## IV.   CONCLUSION

As it stands, Rogers's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Rogers leave to file an amended complaint within 28 days from the date of the Order filed concurrently with this Memorandum, on or before **Thursday, July 6, 2023**.

An appropriate Order follows.

Dated: June 8, 2023               *s/ Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **Chief United States Magistrate Judge**